UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
CRAIG STEVEN PETTIFORD,                 :      07 Civ. 11232 (DLC)
                      Petitioner,       :
                                        :      MEMORANDUM OPINION
            -v-                         :           & ORDER
                                        :
H.D. GRAHAM,                            :
                      Respondent.       :
                                        :
----------------------------------------X

Appearances:
Pro se Petitioner:
Craig Steven Pettiford
05-A-1425
Auburn Correctional Facility
P.O. Box 618
135 State Street
Auburn, NY 13201

For Respondent:
Lisa Fleischmann
Thomas B. Litsky
Assistant Attorneys General of the State of New York
120 Broadway
New York, NY 10271


DENISE COTE, District Judge:

     Craig Steven Pettiford brings this pro se petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging

his conviction for one count of Burglary in the Second Degree,

based principally on an ineffective assistance of counsel claim.

This case was referred to Magistrate Judge Michael H. Dolinger

for a report and recommendation ("Report").  The Report was

issued on December 8, 2008, and it recommends that the writ be

denied and the petition dismissed on the ground that Pettiford's petition is untimely and his claims are without merit. Pettiford filed an objection to the Report on December 26, 2008. This Opinion adopts the Report, and denies Pettiford's petition.

BACKGROUND

The facts underlying the conviction and the history of the criminal proceedings relevant to this petition are set forth fully in the Report, and are only briefly summarized here.  On December 26, 2004, Pettiford was arrested while leaving the Metropolitan Hotel in Manhattan carrying a flat screen television that he had stolen from one of the hotel rooms.

Pettiford was arraigned on December 27, at which time, Pettiford's counsel indicated that Pettiford wished to testify before the grand jury.  Pettiford was indicted without being given the opportunity to testify before the grand jury.

On February 2, 2005, Pettiford entered a plea of guilty to a single charge of second-degree burglary on the understanding that he would serve a prison sentence of six and one-half years. During the plea allocution, the court informed Pettiford that he was a predicate felony offender as a result of a prior conviction for attempted criminal sale of a controlled substance.

On March 2, 2005, Pettiford was sentenced principally to a prison term of six and one-half years.  Counsel for Pettiford

2

gave him notice of his right to appeal, and counsel also confirmed with the court that she had done so.  According to the sentencing transcript, Pettiford's counsel said, "I am handing my client notice of his right to appeal."  When Pettiford's counsel was asked if Pettiford had been informed of his right to appeal, his counsel replied, "I did.  It was on the record."

Following his sentencing, Pettiford had 30 days to appeal. See N.Y. Crim. Proc. L § 460.10(1)(a).  Pettiford did not file an appeal, and the thirty days appeal period expired on April 1, 2005.  Over a year later, Pettiford submitted several letters, dated April 10, April 30, May 26, and July 31, 2006 to the Appellate Division.  The letters requested information on filing an appeal and the appellate court construed the July 31, 2006 letter as an application for an extension of the time to file an appeal.  On September 28, 2006, the Appellate Division denied Pettiford's motion for an extension of time in which to file a notice of appeal.

On November 14, 2006, Pettiford filed a motion in the trial court to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10, alleging ineffective assistance of counsel based on the lack of a preliminary hearing and the waiver of his right to testify at the grand jury proceeding.  On February 7, 2007, the Honorable Carol Berkman denied Pettiford's motion to vacate his conviction, finding that Pettiford did not

object on these grounds prior to his plea and that he failed in any event to demonstrate that his testimony before the grand jury would have resulted in a different outcome.  See Strickland v. Washington, 466 U.S. 668, 693 (1984); Mosby v. Senkowski, 470 F.3d 515, 525 (2d Cir. 2006).  On June 26, 2007, the Appellate Division denied Pettiford's request for leave to appeal.

Pettiford filed his habeas petition in federal court on July 19, 2007.  On December 14, 2007, the Honorable Kimba Wood directed Pettiford to show cause by affirmation why the statute of limitations did not bar the petition and to allege facts to show that any delay in submitting his habeas petition was excusable.  Pettiford's affirmation was received by the Pro Se Office on January 3, 2008 ("January 3 Affidavit").  The matter was reassigned to this Court on January 10, 2008.  On January 24, 2008, this Court decided that the petition should not be summarily dismissed and referred the petition to Magistrate Judge Dolinger.  Magistrate Judge Dolinger issued his Report on December 8, 2008, recommending denial of Pettiford's petition because it was untimely and without merit.  Pettiford's objections, which do not address the Report's finding that his petition is untimely, were filed on January 5, 2009.

DISCUSSION

In examining the recommendation regarding a petition for habeas corpus, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The court must make a <u>de novo</u> determination of the portions of the report to which petitioner objects.  28 U.S.C. § 636(b)(1); <u>see</u> <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  <u>Wilds v. United Parcel Serv.</u>, 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003).

A. Timeliness

The Report correctly determined that Pettiford's petition is untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations period for prisoners to file a petition for a writ of habeas corpus.  The one-year period runs from the date on which the prisoner's conviction became final by direct review or by expiration of the time allowed to seek such review.  28 U.S.C. § 2244(d)(1)(a).  AEDPA tolls the statute of limitations period while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

5

Pettiford's conviction became final on April 1, 2005.  See Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002).  During the one year that followed, Pettiford failed to appeal, or otherwise challenge his conviction and his opportunity to file a petition for habeas relief expired on April 1, 2006.  Pettiford filed his petition over a year later, on July 19, 2007.

AEDPA provides for equitable tolling of the statute of limitations if "rare and exceptional circumstances" are present that prevented the petitioner from filing the petition.  Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).  Equitable tolling is only appropriate where a party is "prevented in some extraordinary way from exercising his rights."  Id. Additionally, the party requesting "equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll."  Id.

Pettiford has not shown that he is entitled to equitably toll ADEPA's one-year statutory bar.  Pettiford asserted in his letters to the Appellate Division that he could not remember if he had been given notice of his appeal rights and that his attorney had not instructed him as to how to appeal.  The sentencing transcript for March 2, 2005, however, reflects that his lawyer notified him of his right to appeal.

In his January 3 Affirmation, Pettiford states that he believed that his original counsel was filing his appeal.  He

6

asserts that he discovered in May 2005 that she had not filed an appeal and decided to pursue an appeal on his own. This assertion is similarly unsuccessful as a basis for equitable tolling. The sentencing transcript reveals that Pettiford's attorney gave Pettiford the notice of appeal to file on his own behalf if he wanted to appeal. In any event, Pettiford did not act with sufficient diligence after May 2005 to effect an appeal. His first letter to the Appellate Division was dated April 10, 2006 -- almost a year later. See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

B. Merits of Claims

Pettiford has objected to the Report's conclusion that his claims should, alternatively, be dismissed on the merits. Reviewing the petitioner's claims de novo, the petition must be denied as well for lack of merit.

Pettiford contends that his trial counsel provided ineffective assistance in failing to procure a preliminary pre-indictment hearing, not insuring his right to testify before the grand jury, and providing unspecified false information regarding the plea. As ably described in the Report, Pettiford has failed to show that he was prejudiced by any of these alleged deficiencies. To succeed on any ineffective assistance of counsel claim, a petitioner must show prejudice. See Strickland, 466 U.S. at 693.

7

CONCLUSION

For the reasons stated, the petition is dismissed.  I find

that the petitioner has not made a substantial showing of the

denial of a constitutional right and appellate review is

therefore not warranted.  See Tankleff v. Senkowski, 135 F.3d

235, 241 (2d Cir.1998); Rodriguez v. Scully, 905 F.2d 24 (2d

Cir.1990).  In addition, I find, pursuant to 28 U.S.C. §

1915(a)(3), that any appeal from this Order would not be taken

in good faith.  See Coppedge v. United States, 369 U.S. 438

(1962).  The Clerk of Court shall close this case.

SO ORDERED:

Dated:    New York, New York
          April 3, 2009

                                    DENISE COTE
                             United States District Judge

Copies sent to:

Craig Steven Pettiford
No. 05-A-1425
Auburn Correctional Facility
135 State Street, P.O. Box 618
Auburn, NY 13204

Thomas B. Litsky
Assistant Attorney General
120 Broadway
New York, NY 10271